**ORIGINAL**

RECEIVED

2005 JUN 16  P 4:51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REUBEN E. REDD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: _____ |
| ) | 2:05CV583-D |
| ) | |
| ALABAMA SECURITIES COMMISSION ) | |
| AND STATE OF ALABAMA-PERSONNEL ) | |
| DEPARTMENT., ) | |
| ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment on the basis of race. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### PARTIES

I

1. Plaintiff, Reuben Redd, is an African American male, and a resident citizen of Elmore County, Alabama. He brings this action against Defendants, Alabama Securities Commission and State of Alabama-Personnel Department due to his failure to be promoted to the position of Senior Special Agent.

2. Defendant, Alabama Securities Commission is an agency of the State of Alabama, with is primary place of business located in Montgomery County, Alabama. This Defendant has over 15 full time employees, and is an employer as that term is defined by the Civil Rights Act of 1964, as amended.

3. Defendant, State of Alabama-Personnel Department is now and was at all times relevant to these proceedings an agency of the state of Alabama and qualified to do business in the State of Alabama, and is doing business in the County of Montgomery, where Plaintiff is employed. This Defendant has over 15 full time employees, and is an employer as that term is defined by the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

II

3. Plaintiff, an African American male, and was hired by Defendant State of Alabama-Personnel Department as a Special Agent on November 1, 1993. Plaintiff continues to work for Defendant.

4. On or about October 4, 2004, Plaintiff applied for the position of Senior Special Agent.

5. At the time of the events complained of herein, Plaintiff was ranked number one on the Alabama State Register for the position of Senior Special Agent.

6. Plaintiff was not promoted to the position of Senior Special Agent. Instead the Employer has allowed a white Special Agent to serve in the position as Acting Senior Special Agent. He has been allowed to do so up to and including the present time.

7. This time period that the white employee has served in the "acting" position" is well beyond the established time frame.

8. It has previously been the practice of the employer to immediately fill the vacant position once a register is established.

9. Plaintiff further contends that the employer's failure to promote him was motivated by racial concerns on the part of the Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### III

10. Plaintiff has submitted a Charge of Discrimination with Equal Employment Opportunity Commissions' Regional Office in Birmingham, Alabama, and has now received his Dismissal and Notice of Rights. He files this complaint within ninety (90) days of his receipt of said Notice, and has therefore exhausted his administrative remedies.

## COUNT I

11. Due to its actions as stated above, Defendants discriminated against Plaintiff on the basis of his race, in violation of the Civil Rights Act of 1964, as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that Defendants, Alabama Securities Commission and Alabama State Personnel Department. unlawfully discriminated against Plaintiff on the basis of his race, in violation of the Civil Rights Act of 1964, as amended;

(b) Award Plaintiff the sum of $250,000.00 as compensatory damages;

(d) Award Plaintiff all back pay and benefits he would have received but for the unlawful acts of the Defendants and order that Plaintiff be promoted to the position of Senior Special Agent;

(e) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(f) Award such other alternate relief as the court may deem just and proper.

Respectfully submitted,

*Janice Spears-Turk*
Janice Spears-Turk ASB-2195-R69J
2735 Office Park Circle
Montgomery, AL 36116
(334) 274-0883
(334) 272-3031
jdst@spearsturklaw.ntcmail.net