IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **REUBEN E. REDD,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   CASE NO.:  2:05CV583-D |
| **ALABAMA SECURITIES COMMISSION AND STATE OF ALABAMA-PERSONNEL DEPARTMENT,** | ) ) ) ) ) |
| | ) |
|   Defendant. | |

### RESPONSE OF ALABAMA SECURITIES COMMISSION, INC.

I.    GENERAL RESPONSE.

    1.    Admitted except that it is denied that there is any legitimate basis for this action.

    2.    Admitted.

    3.    Admitted.

    3.    [Second of this number.]  Admitted except that it is denied that Plaintiff was hired by State of Alabama-Personnel Department ["SPD"].

    4.    Admitted.

    5.    Admitted except that this admission is limited to the fact that the ranking to which the Plaintiff refers was a ranking created by SPD and not by the Alabama Securities Commission ["ASC"].

    6.    Admitted.  For further answer ASC states that Plaintiff was not deemed qualified to receive an appointment to that position.

    7.    This allegation is not understood and is, therefore, denied.

    8.    Denied.

1045704

9. Denied.

10. Admitted except that it is denied that ASC was a party to the charge the Plaintiff filed and it is denied that the Plaintiff has received a right to sue letter applicable to ASC.

11. Denied. Wherefore the Plaintiff is entitled to no relief.

II. OTHER DEFENSES.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent that the statute of limitations bars some or all of Plaintiff's claims against ASC, the Defendant asserts that defense.

### SECOND DEFENSE

The claims in this complaint may not be brought pursuant to 42 U.S.C. § 2000e unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes as to Defendant. To the extent that Plaintiff raises claims not made the subject of the EEOC charge he relies upon in the Complaint, or alternatively, not made the subject of a timely signed, verified EEOC charge naming Defendant as a respondent, or raises claims that arose more than 180 days before the filing of a EEOC charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit. Any and all claims not raised in a lawsuit timely-filed within ninety days of Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

### THIRD DEFENSE

There are no similarly-situated employees of a different race than Plaintiff who have received better treatment than did Plaintiff.

1045704

**FOURTH DEFENSE**

There are no similarly-situated employees, who had not engaged in conduct protected by Title VII and who have received better treatment than did Plaintiff.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**SIXTH DEFENSE**

All employment decisions by ASC respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons. ASC denies that Plaintiff's race or complaints were a substantial contributing factor in any decision regarding his employment.

**SEVENTH DEFENSE**

Assuming *arguendo* that Plaintiff provides some evidence that he contends establishes that an adverse employment action taken against him was motivated in part by race or allegedly protected conduct, ASC claims the *Price Waterhouse/Mt. Healthy* defense because it would have treated Plaintiff the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiff had not been in a protected class of individuals.

**EIGHTH DEFENSE**

Plaintiff is estopped and lacks clean hands to seek the equitable relief he requests due to poor performance and excessive absenteeism.

**NINTH DEFENSE**

ASC states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against ASC rest on conduct that was

3

innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

### TENTH DEFENSE

The amount of damages that Plaintiff might recover from ASC under Title VII is subject to the damage limitations in 42 U.S.C. § 1981(a)(B)(3).

### ELEVENTH DEFENSE

An award of punitive damages in this case is not appropriate.

### TWELFTH DEFENSE

To the extent that Plaintiff's claims have been waived, he is barred.

### THIRTEENTH DEFENSE

To the extent that Plaintiff may have been guilty of conduct, as yet unknown to ASC or made known to ASC after the termination of Plaintiff's employment, which conduct would have prevented Plaintiff's employment or caused discharge, he is barred from seeking some or all damages.

### FOURTEENTH DEFENSE

The Defendant is entitled to the "same actor" presumption/defense.

### FIFTEENTH DEFENSE

To the extent that the doctrine of laches bars some or all of Plaintiff's claims, ASC asserts that doctrine as a defense.

### SIXTEENTH DEFENSE

Defendant pleads judicial estoppel and lack of standing as to Plaintiff's claims.

### SEVENTEENTH DEFENSE

Defendant maintained an effective policy against race discrimination and, if Plaintiff had been a

victim of discrimination, Plaintiff failed to avail himself of the protections afforded by such policy.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's allegations concern allegations that do not rise to the level of adverse employment actions, or actions that have caused a sufficiently significant impact or tangible detriment on Plaintiff's terms, conditions, or privileges of employment.

### NINETEENTH DEFENSE

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plea facts sufficient to support such damages.

### TWENTIETH DEFENSE

To the extent that any discriminatory acts of the Defendant's agents were taken contrary to the Defendant's good faith efforts to avoid discrimination, those acts may not provide the basis for an award of punitive damages.

### CONSTITUTIONAL DEFENSES

### FIRST CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

### SECOND CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiff would violate the constitutional safeguards provided under the Constitution of the

United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

### THIRD CONSTITUTIONAL DEFENSE

Plaintiff's claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

### FOURTH CONSTITUTIONAL DEFENSE

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b) The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (c) The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award

of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes on Defendant's Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g) Any award of punitive damages to Plaintiff would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

(h) Plaintiff's attempt to impose punitive or extra contractual damages on Defendant on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i) Any award of punitive damages to Plaintiff would violate the procedural safeguards provided to Defendant under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding;

(j) Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k) Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l) Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution; and

(m) Any award of punitive damages would violate defendant's right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

## FIFTH CONSTITUTIONAL DEFENSE

Plaintiff's claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution in that:

a) there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages;

b) there is no requirement that punitive damages;

c) review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

d) punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

e) the preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

f) the criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

g) the criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain;

h) the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a

defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

### SIXTH CONSTITUTIONAL DEFENSE

With respect to Plaintiff's demand for punitive damages, defendant specifically incorporates by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

### SEVENTH CONSTITUTIONAL DEFENSE

The imposition of punitive damages against the Defendant in this case would violate the Defendant's due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the Defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

### EIGHTH CONSTITUTIONAL DEFENSE

Imposition of punitive damages against this defendant would have a chilling effect upon the defendant's right to open access to the courts of this state, in violation of the United States Constitution.

### NINTH CONSTITUTIONAL DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

### TENTH CONSTITUTIONAL DEFENSE

Plaintiff is not entitled to recover punitive damages because Plaintiff cannot prove that Defendant's conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

### ELEVENTH CONSTITUTIONAL DEFENSE

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury. See also, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L. Ed. 2d 659 (1996).

### TWELFTH CONSTITUTIONAL DEFENSE

An award of mental anguish damages in this case will violate this defendant's due process and equal protection rights guaranteed by the *United States Constitution* because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### THIRTEENTH CONSTITUTIONAL DEFENSE

To award plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, this defendant avers that such an award in this case would violate the *United States Constitution*.

    ASC reserves the right to assert other defenses as discovery proceeds.

s/Bruce J. Downey, III
**BRUCE J. DOWNEY, III**
ASB-9205-W86B

**Attorney for Defendant**
**Alabama Securities Commission**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 323-8888

Jane Brannan, Esq.
Alabama Securities Commission
770 Washington Ave., Ste. 570
Montgomery, AL  36130-4700
Telephone:  (334) 353-4690

1045704

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama  36130

Janice D. Spears-Turk
Law Offices of J. D. Spears-Turk
2735 Office Park Cir.
Montgomery, AL  36116

                                **s/Bruce J. Downey, III**
                                OF COUNSEL

1045704