**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **REUBEN E. REDD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 2:05cv583-D** |
| **v.** ) | |
| ) | |
| **ALABAMA SEC. COMM'N, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |
| **REUBEN E. REDD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 2:05cv1223-F** |
| ) | |
| **ALABAMA SEC. COMM'N,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Before the court are Defendant Alabama Securities Commission's ("ASC")

motions to consolidate, filed January 6, 2006, in the above-styled lawsuits.  Pursuant to

Rule 42(a) of the Federal Rules of Civil Procedure, ASC moves the court to consolidate

civil action numbers 2:05cv583-D and 2:05cv1223-F, asserting that the two lawsuits

involve the "same operative facts" and that the "same facts, witnesses and evidence will

be used in each case."[1]  (Doc. No. 16, ¶¶ 1, 4.)  For the reasons to follow, the court finds

that the motions to consolidate are due to be granted.

---

[1] In its motion to consolidate filed in civil action number 2:05cv583-D, ASC
represents that Defendant Alabama State Personnel Department ("SPD") "supports" its
motion.  Additionally, counsel for Plaintiff Reuben E. Redd ("Redd") has represented to
the court that Redd has no objection to consolidation.

Motions to consolidate are governed by Rule 42(a) of the Federal Rules of Civil

Procedure which provides:

> When actions involving a common question of law or fact are pending
> before the court, it may order a joint hearing or trial of any or all the
> matters in issue in the action; it may order all the actions consolidated; and
> it may make such orders concerning proceedings therein as may tend to
> avoid unnecessary costs or delay.

Rule 42(a) gives the court broad discretionary authority to consolidate cases when

commonalities of factual or legal issues exist.  See Hendrix v. Raybestos-Manhattan, Inc.,

776 F.2d 1492, 1495 (11th Cir. 1985) ("district court's decision under Rule 42(a) is purely

discretionary").  In exercising judicial discretion, the trial court must weigh the

prospective benefits of consolidation, in terms of convenience to the parties and judicial

economy, against the extent of any confusion or prejudice that might result from

consolidation.  See id.

The court has reviewed the files in both civil actions.  In his first employment

discrimination complaint, civil action number 2:05cv583-D, Redd is suing ASC and SPD

under federal civil rights statutes for race discrimination in connection with the denial of

a promotion.  As the predicate for commencing his second complaint, civil action number

2:05cv1223-F, Redd asserts that he has suffered retaliation and reprisal at the hands of

ASC as a consequence of filing civil action number 2:05cv583-D.

Based on the foregoing, the court finds that these two lawsuits present sufficient

commonality of issues of law and fact.  There will be a substantial overlap in discovery,

as both lawsuits arise out of the same operative facts and, thus, require discovery of many

of the same witnesses and review of many of the same documents.  Consolidation will

benefit both the court and the parties by expediting pretrial proceedings, avoiding

duplication of the discovery process and motion practice, minimizing harassment of

parties and witnesses and reducing expenditure of time and money.  The court, therefore,

finds that consolidation will provide for more efficient case management and that judicial

economy will be promoted, and wasteful litigation avoided, by consolidating the cases.

Furthermore, the court finds that consolidation will not lead to unfair prejudice.

Accordingly, it is CONSIDERED and ORDERED as follows:

(1) ASC's motions to consolidate civil action numbers 2:05cv583-D and

2:05cv1223-F be and the same are hereby GRANTED;

(2) the clerk is DIRECTED to reassign civil action number 2:05cv1223-F to the

undersigned who will preside over the consolidated action;

(3) the lead case shall be 2:05cv583-D and the originals of all pleadings, motions,

briefs, orders and other documents shall henceforth be maintained in the clerk's file of

civil action number 2:05cv583-D; and

(4) the deadlines and other provisions set forth in the Uniform Scheduling Order

entered in 2:05cv583-D (see Doc. No. 11) shall govern these consolidated proceedings.

DONE this 25th day of January, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE